[Cite as *Fincher v. State Farm Mut. Automobile Ins. Co.*, 2025-Ohio-1752.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| YOLANDA FINCHER, | : | APPEAL NO. C-240550 |
| | | TRIAL NO. 23CV16325 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| STATE FARM MUTUAL | : | *JUDGMENT ENTRY* |
| AUTOMOBILE INSURANCE | | |
| COMPANY, | : | |
| Defendant-Appellee. | | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/16/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Fincher v. State Farm Mut. Automobile Ins. Co.*, 2025-Ohio-1752.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| YOLANDA FINCHER, | : | APPEAL NO. | C-240550 |
| | | TRIAL NO. | 23CV16325 |
| Plaintiff-Appellant, | : | | |
| vs. | : | | |
| STATE FARM MUTUAL | : | *O P I N I O N* | |
| AUTOMOBILE INSURANCE | | | |
| COMPANY, | : | | |
| Defendant-Appellee. | | | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 16, 2025

*Yolanda Fincher*, pro se,

*Dinsmore & Shohl, LLP, Keeley B. Gogul and Peter J. Georgiton*, for Defendant-Appellee.

**KINSLEY, Presiding Judge.**

**{¶1}** Plaintiff-appellant Yolanda Fincher appeals the judgment of the Hamilton County Municipal Court granting summary judgment in favor of defendant-appellant State Farm Mutual Automobile Insurance Company ("State Farm"). Fincher sued State Farm for the diminished value of her vehicle following a car accident that damaged the car. She sought a number of continuances during the proceedings, including one while the trial court was considering summary judgment objections. Because Fincher's insurance contract with State Farm does not include diminished value coverage, and because the trial court's summary judgment order rendered moot Fincher's continuance request, the trial court did not err in awarding summary judgment to State Farm. We accordingly affirm the judgment of the trial court.

### *Factual and Procedural History*

**{¶2}** On July 28, 2023, Fincher filed a complaint against State Farm. Her complaint alleged that, on August 4, 2021, she was in a car accident with an uninsured motorist that injured her and damaged her car. She asserted that she retained an insurance contract with State Farm and that the company violated the contract by failing to cover the diminished value of her car. She sought $14,500 in damages, representing the diminished value to her vehicle's Kelly Blue Book value plus interest.

**{¶3}** Fincher attached an unauthenticated document to her complaint that purported to be from the Ohio Department of Insurance. The document determined that State Farm had violated a number of Ohio insurance regulations in processing Fincher's claim for damage from the August 2021 accident. But it also noted that Fincher's policy barred recovery for diminished value. Despite the fact that Fincher attached the document to her complaint, she did not assert a bad faith claim, nor did she seek monetary damages for any injury except diminished value.

**{¶4}** After State Farm answered the complaint, the matter was referred to a magistrate for disposition. The magistrate scheduled a January 5, 2024 trial date.

**{¶5}** On November 11, 2023, State Farm filed a motion for summary judgment, arguing in part that it was entitled to judgment as a matter of law because Fincher's policy did not cover diminished value. State Farm supported its summary judgment motion with a certified copy of Fincher's policy, which its records custodian described as State's Farm ordinary business record. Fincher did not respond to State Farm's motion for summary judgment.

**{¶6}** With the summary judgment motion pending, Fincher moved to continue the January 5, 2024 trial date because she needed medical care in Georgia. The magistrate granted that request and continued the case to February 22, 2024 for a summary judgment hearing and to March 26, 2024 for trial. Those dates were later continued to March 26, 2024 and April 30, 2024 respectively based on a second continuance request by Fincher.

**{¶7}** On March 26, 2024, the magistrate took State Farm's summary judgment motion under submission.[1] In a subsequent written order, the magistrate denied State Farm's motion for summary judgment and set the matter for a May 7, 2024 trial. That date was later continued to August 2, 2024 at Fincher's request.

**{¶8}** After the magistrate denied State Farm's summary judgment motion, Fincher submitted a handwritten filing by fax that she entitled "additional file items." Attached were a number of unauthenticated documents, including Ohio Department of Insurance paperwork and repair estimates for her car.

---

[1] In its brief, State Farm suggests that the magistrate conducted an evidentiary hearing on March 26, 2024. The record, however, contains no transcript of the hearing. As a result, we are unable to ascertain what precisely occurred at the summary judgment hearing.

**{¶9}** Two days after the magistrate's summary judgment denial, State Farm filed a notice of intent to file objections to the magistrate's decision. And on April 10, 2024, State Farm objected to the magistrate's decision denying its motion for summary judgment. In its objection, State Farm argued that magistrate erred because Fincher had failed to rebut the summary judgment motion with disputed facts and because Fincher's policy excluded diminished value coverage. State Farm also moved to strike Fincher's April 3, 2024 "additional items" filing.

**{¶10}** On April 25, 2024, Fincher responded to State Farm's objections. In her response, she argued that the magistrate's decision should be upheld because State Farm failed to provide her with a copy of her policy and failed to notify her that diminished value was excluded from coverage. She cited no facts in evidence to support these assertions.

**{¶11}** On May 1, 2024, State Farm replied to Fincher's response to the objections. In its response, State Farm pointed to the lack of evidence supporting Fincher's claims. It again emphasized that the policy bars Fincher's requested recovery.

**{¶12}** On August 1, 2024, the day before the scheduled August 2, 2024 trial, the magistrate continued the trial date to October 17, 2024, so that State Farm's pending objections could be resolved.

**{¶13}** On August 4, 2024, Fincher moved to continue the October 17, 2024 trial date. She contended that she was under a doctor's care and would not be available until after January 31, 2025. In her filing she also asked, "Why hasn't there been a ruling on objections from March 2023??!!"[2]

---

[2] Fincher must have been referring to the April 2024 objections. Her complaint, which initiated the case, was filed in July 2023. Thus, there were no objections filed in March 2023.

**{¶14}** The very next day, on August 5, 2025, the trial court ruled on State Farm's objections. It sustained State Farm's objection to the magistrate's decision and granted State Farm's motion for summary judgment. The trial court also granted State Farm's motion to strike and vacated the October 17, 2024 trial date.

**{¶15}** Fincher subsequently filed an "objection" to the trial court's denial of her August 4, 2024 motion to continue the trial date. On September 17, 2024, the trial court entered an order making clear that its August 5, 2024 order granting summary judgment for State Farm rendered Fincher's continuance request moot.

**{¶16}** Fincher now appeals.

### *Summary Judgment*

**{¶17}** In her sole assignment of error, Fincher asserts that the trial court erred in granting State Farm's motion for summary judgment. We read Fincher's brief to advance essentially two arguments. First, she contends that the trial court acted unfairly in failing to grant her a continuance based on her legitimate medical needs. Second, she asserts that she is entitled to recover for the diminished value of her vehicle because she never received a copy of her policy from State Farm.

**{¶18}** "An appellate court reviews a trial court's ruling on a motion for summary judgment de novo, applying the same standard applied by the trial court." *Travelers Property Cas. Corp. v. Chiquita Brands Internatl., Inc.*, 2024-Ohio-1775, ¶ 17 (1st Dist.).

**{¶19}** Summary judgment is proper under Civ.R. 56(C) where "(1) no genuine issue of material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary

6

judgment is made." Civ.R. 56(C); *Al Neyer, LLC v. Westfield Ins. Co.*, 2020-Ohio-5417, ¶ 14 (1st Dist.). The moving party has the initial burden of demonstrating its entitlement to summary judgment. *Al Neyer* at ¶ 15. "A moving party meets its initial burden by informing the trial court of the basis for the motion and identifying the portions of the record that demonstrate that there is an absence of evidence to support the nonmoving party's case." *B&T Business Ventures v. Disi Bros. Land, LLC*, 2022-Ohio-2113, ¶ 12 (1st Dist.).

**{¶20}** Once the moving party has supported its summary judgment motion with proper evidence, the non-moving party "may not rest upon the mere allegations or denials of the party's pleadings." Civ.R. 56(E). Instead, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* If the non-moving party fails to respond or to support its response with appropriate summary judgment evidence, the trial court may grant summary judgment. *McCoy v. Usuani*, 2009-Ohio-3095, ¶ 10 (1st Dist.), citing Civ.R. 56.

**{¶21}** Here, State Farm met its initial burden under Civ.R. 56(C) by presenting a certified copy of Fincher's insurance policy, which excluded coverage for diminished value. Once State Farm presented this evidence, the burden then shifted to Fincher under Civ.R. 56(E) to provide evidence showing that there remained a genuine issue of material fact for trial. Fincher failed to respond to the motion for summary judgment and failed to provide any evidence contradicting the plain language of her insurance policy. Fincher therefore failed to sustain her burden as the non-moving party under Civ.R. 56(E), and the trial court's summary judgment decision was accordingly correct.

**{¶22}** In reaching this conclusion, we note that Fincher did not assign as error the trial court's order granting State Farm's motion to strike her "additional items"

7

filing. But even if she had, the "additional items" filing was submitted after the magistrate decided the summary judgment motion, and the documents included in it are therefore not relevant to our review.

**{¶23}** Fincher also takes issue with the denial of her continuance request. We review this issue for an abuse of discretion. *In re M.*, 2022-Ohio-673, ¶ 11 (1st Dist.). Here, the trial court did not abuse its discretion in deciding State Farm's objection and granting summary judgment without continuing the forthcoming trial date. In fact, the record reflects that Fincher invited the trial court to resolve the objections expeditiously in her continuance motion.

**{¶24}** A trial court is not required to hold a hearing on objections. *See* Civ.R. 53(D)(4). The trial court was not required to wait for the trial date to determine the pending objection. In fact, the entire purpose of the summary judgment proceeding was to ascertain whether there were any issues to be tried in the case. Once the trial court determined there were not, it properly vacated the trial date.

**{¶25}** Thus, the trial court did not abuse its discretion in determining that Fincher's continuance request was moot. The assignment of error is overruled.

### *Conclusion*

**{¶26}** The trial court did not err in granting summary judgment to State Farm because Fincher failed to rebut its submission of her policy excluding diminished value coverage. And the trial court's summary judgment decision made moot Fincher's request to continue the trial. We accordingly overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS** and **NESTOR, JJ.,** concur.